Roscoe P. WALKER, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 282 S 65.

Supreme Court of Indiana.

Feb. 24, 1983.

Michael J. O'Reilly, Deputy Public Defender, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Burglary, Ind.Code § 35-43-2-1 (Burns 1979) and of being an Habitual Offender, Ind.Code § 35-50-2-8 (Burns Supp.1982), and sentenced to thirty-two (32) years imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in refusing Defendant's tendered final instruction No. 2 on the defense of voluntary intoxication.

(2) Whether the trial court erred in refusing Defendant's tendered final instruction No. 3, which purported to define and qualify the term "intoxication," as used in the statute rendering voluntary intoxication a defense to certain crimes.

(3) Whether the trial court erred in refusing Defendant's tendered final instruction No. 5 upon Criminal Trespass as a lesser offense included in the offense of Burglary.

(4) Whether the trial court erred in refusing Defendant's tendered final instruction No. 1 on the habitual offender charge, which instruction would have instructed the jury that it might consider Article 1, Section 18 of the Indiana Constitution.

(5) Whether the trial court erred in refusing Defendant's tendered final instruction No. 3 upon the habitual offender charge, which instruction charged that the jury could, in arriving at its verdict upon that charge, take into account its view of the constitutionality of the penalty, as it would apply in this case.

\* \* \*

ISSUE I

Defendant first contends that the trial court erred in refusing his tendered final instruction No. 2:

"Voluntary intoxication is a defense to the offense of burglary; as, to be convicted of the offense of burglary, the Defendant must entertain a specific intention to commit said offense."

The trial court gave three instructions upon intoxication as follows:

"COURT'S FINAL INSTRUCTION C-12

"The word 'intoxication' means a condition which results in a person's normal faculties, either of perception, of physical ability, or of judgment, being impaired, so that he no longer has the capacity to form or entertain a specific intent."

"STATE'S INSTRUCTION 17

"Normally voluntary intoxication is not a defense in a criminal proceeding. In order for intoxication to relieve the defendant from responsibility for the crime charged, the defendant must have been so intoxicated as to be incapable of entertaining the intent to commit Theft."

"DEFENDANT'S TENDERED INSTRUCTION # 6

"Although intoxication or drunkenness alone will never provide a legal excuse for the commission of a crime, the fact that a person may have been intoxicated at the time of the commission of the crime may negate the existence of a specific intent. So, evidence that a Defendant acted or failed to act while in a state of intoxication is to be considered in determining whether or not the Defendant acted, or failed to act, with specific in-

tent, as charged. If the evidence in the case leaves the jury with a reasonable doubt whether, because of the degree of his intoxication, the mind of the accused was capable of forming, or did form, specific intent to commit the crime charged, the jury should acquit the accused."

Defendant does not argue that any of the court's instructions were incorrect statements of the law, and he did not object to the giving of any of them, *Greider v. State,* (1979) 270 Ind. 281, 284, 385 N.E.2d 424, 426. It is particularly noteworthy that the court gave Defendant's tendered instruction No. 6 exactly as he had tendered it. Rather, he claims that the trial court's instructions were phrased in a "negative sense," whereas his instruction was phrased in a "positive sense" and would therefore have informed the jury that voluntary intoxication is a valid defense to Burglary. We do not fully comprehend Defendant's argument, which appears to claim a subtle prejudice. The trial court's instructions fully and correctly explained the law of intoxication, as it applied to this case, more fully than did Defendant's tendered instruction. Moreover, we do not perceive any negative impact from the instructions. *See Patterson v. State,* (1978) 267 Ind. 515, 519, 371 N.E.2d 1309, 1311. Defendant's tendered instruction No. 6 contains a mandate that, if it found the legally required degree of intoxication, "the jury should acquit the accused." We find no error in the refusal of Defendant's tendered instruction No. 2.

## ISSUE II

■ Defendant next assigns error to the trial court's refusal to give his tendered final instruction No. 3:

"The term 'intoxication' means a condition resulting from drinking of alcoholic beverages which impairs a persons (sic) normal faculties, either of perception or will of judgment, so that he no longer has a capacity to form a specific intent to commit such an act. *Further, any intoxication, not necessarily total, may be con-*

*sidered on the question of specific intent."* (Emphasis added).

He argues, based on *Hooker v. State,* (1979) Ind.App., 387 N.E.2d 1354, 1359, that the italicized sentence is necessary to give the jury a complete statement of the law.

The statute provided [1] that voluntary intoxication is a defense only to the extent that it "negates specific intent," and the instruction given, C–12 was correct, complete and clear, hence adequate to inform one of common understanding of the minimum degree of impairment that entitles one to be relieved of criminal responsibility under such defense. The italicized portion of the tendered instruction is not only unnecessary and grammatically incorrect but its inclusion could only have lead to confusion. The inclusion of the term "total intoxication" could be of no aid without being, itself, defined.

## ISSUE III

■ Defendant next assigns error to the trial court's refusal to give his tendered final instruction which would have advised that Criminal Trespass, Ind.Code § 35–43–2–2(a)(4) (Burns 1979) was a lesser included offense of the offense charged. The briefs in this case were submitted before our decision in *Jones v. State,* (1982) Ind., 438 N.E.2d 972, in which we recognized that, depending upon the allegations in the charging instrument, Criminal Trespass may be a lesser included offense of Burglary. We there stated:

"The state may wish to seek conviction of a defendant for a lesser offense, depending upon the ultimate strength of its evidence. By proper drafting, it can preserve the option to seek conviction for the lesser offense, which, if charged within the body of the information, serves the due process guarantee of notice to defendant. By the same token, the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser included offense." *Id.* at 975 (citations omitted).

---

1. Although Ind.Code § 35–41–3–5(b) (Burns Supp.1982) was in effect at the time the offense was committed, it appears that the parties and the court were proceeding under the earlier statute, Ind.Code § 35–41–3-5(b) (Burns 1979).

The information provided (in pertinent part):

"On or about the 9th day of December, 1981, in Tippecanoe County, State of Indiana, Roscoe P. Walker, Jr. did knowingly break and enter the building or structure of Bernard Crimmins, d/b/a, Quality Beers Inc. situated at 1400 Canal Road, Lafayette, with intent to commit a felony therein, to wit: theft; * * *."

Contrary to Defendant's assertion, this information did not charge a Criminal Trespass under Ind.Code § 35–43–2–2(a)(4). There is no allegation in the information that the breaking and entry into Crimmins' warehouse was done *without his consent,* which would have been an allegation necessary to a charge of criminal trespass. The State intended to charge only Burglary. *Hack v. State,* (1982) Ind.App., 437 N.E.2d 486, 489–90 (trans. denied); *see Goodpaster v. State,* (1980) Ind., 402 N.E.2d 1239, 1243. That such strategic decision was made is amply supported by the unrefuted evidence offered by the State in its case in chief.

Two police officers responded to a burglar alarm at a beverage warehouse. They stopped Defendant as he was exiting the front door, carrying a case of beer under his left arm. He responded to one officer's command to drop the beer, and was arrested, after which, the officer gave Defendant *Miranda* advisements and Defendant stated, "Well, you (expletive deleted) got me so take me to jail." The officer testified that Defendant appeared to understand what was happening. Additional evidence disclosed that, although the witnesses agree that Defendant was intoxicated to some degree, he had pried open the warehouse door with a tire iron. The door had been secured with two locks, and photographs depicted the damage done to the door. Once inside, Defendant had navigated down a hallway and through a second door into the area where the goods were stored. Only one pile of beer cases had been disturbed and that was the pile of the same brand that Defendant had held under his arm. These events occurred at about 9:00 p.m. We have related this evidence to illustrate why the State made the tactical choice to charge the offense in such manner

as to foreclose the availability of Criminal Trespass, as a lesser included offense. It was clear, not merely problematic, that a burglary had been committed, and the State had the option of pleading its case in a manner that would permit or preclude a conviction for the lesser offense. There was, therefore, no error in refusing the requested instruction.

### ISSUES IV & V

■ Defendant lastly assigns error to the trial court's refusal of the following instructions:

"Article I, section 18 of the Indiana Constitution provides: 'the penal code shall be founded on the principles of reformation, and not of vindictive justice.'

"If, after considering all the evidence presented in the case, you find that the Habitual Offender statute, as applied to the Defendant, is not founded on the principles of reformation, then you may take that finding into consideration in rendering your verdict."

\*　　\*　　\*　　\*　　\*　　\*

"You are instructed that the 8th Amendment to the United States Constitution and Article I, Section 16 of the Indiana Constitution prohibit the infliction of cruel and unusual punishment. This prohibition applies not only to those punishments that are barbaric, but also to those that are excessive in relation to the crime committed. A punishment is excessive if it (1) makes no measurable contribution to accepted goals of punishment, and hence is nothing more than a purposeless and needless imposition of pain and suffering, or (2) is greatly out of proportion to the severity of the crime. A punishment may be excessive for either reason.

"If, after considering all of the evidence presented in this case, you find that the mandatory punishment inflicted on the Defendant under the Habitual Offender Statute is excessive under the standards just read to you, then you may take that finding into consideration in rendering your verdict."

The trial court did give Defendant's tendered instruction as follows:

"As you will recall, the Constitution of the State of Indiana makes you the judges of both the law and the facts. Though this means that you are to determine the law for yourself, it does not mean that you have the right to make, repeal, disregard, or ignore the law as it exists. The instructions of the Court are the best source as to the law applicable to this case."

The instruction given was a correct statement of the law, whereas the refused instructions would have conveyed to the jury the belief that it had a power of nullification, which clearly it does not possess under the law. *Erickson v. State,* (1982) Ind., 438 N.E.2d 269, 272–73 (citing *Denson v. State,* (1975) 263 Ind. 315, 320, 330 N.E.2d 734, 737); *Taylor v. State,* (1981) Ind., 420 N.E.2d 1231, 1232–34. The tendered instructions were not correct statements of the law, and the trial court did not err in refusing them.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.