**William W. WININGER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1182S416.

Supreme Court of Indiana.

Oct. 19, 1983.

Patrick S. McSoley, Public Defender of Lawrence County, Bedford, for appellant.

Linley E. Pearson, Atty. Gen., Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant William W. Wininger was convicted of Theft, Ind.Code § 35–43–4–2 (Burns Supp.1982), at the conclusion of a jury trial in Lawrence County Court on April 22, 1982. Wininger was also found to be a habitual offender and was sentenced to thirty-three (33) years imprisonment. He now appeals.

Wininger raises only two issues on appeal, concerning:

1) whether the trial court erred in failing to instruct the jury about the definition of specific intent;

2) whether the trial court erred in refusing the defendant's tendered instruction concerning the defense of voluntary intoxication.

The evidence most favorable to the State reveals that on January 11, 1982, the victim, Cletus Magill, was seated next to the defendant in a tavern in Bedford, Indiana. As they talked, Magill asked the defendant for a ride to another tavern. Defendant agreed and the two men walked into an alley where the defendant took Magill's bill-

fold and ran. The defendant was later apprehended with the billfold in his possession.

### I

The defendant first argues that Final Instruction 9–A, concerning the defense of voluntary intoxication, incorrectly stated the law and served only to confuse the jury. Instruction 9–A reads as follows:

Voluntary intoxication is a defense only to the extent that it negates specific intent.

Voluntary intoxication does not excuse the offense; but intoxication may be so extreme that a person is incapable of forming or entertaining a specific intent.

The State has the burden of disproving this defense beyond a reasonable doubt.

Defense counsel argued that "specific intent" was not explained anywhere else in the instructions; he also urged the trial court to modify the instruction so that the jury would know theft is a specific intent crime.

We find that this issue has been waived. Although defense counsel objected to the instruction, he failed to tender an instruction curing the alleged defects. A defendant who challenges an instruction but does not allege that he tendered a more complete instruction waives any error on the issue. *Raspberry v. State,* (1981) Ind., 417 N.E.2d 913; *Cherry v. State,* (1981) Ind., 414 N.E.2d 301, *cert. dismissed,* (1981) 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033.

### II

Defendant argues that the trial court erred in refusing to give his tendered Instruction I. That instruction reads as follows:

If you find, from all of the evidence, that the State of Indiana has failed to prove, beyond reasonable doubt, that the Defendant was not so intoxicated, that he lacked the ability to appreciate the ethical quality of his actions or to control those actions, then you must find the defendant not guilty of the crime of theft.

Defendant states that this language is taken from *Pettit v. State,* (1979) Ind., 396 N.E.2d 126, and that the other given instructions failed to adequately cover the defense of voluntary intoxication.

Final Instruction 9–B reads as follows:

The word "intoxication" means a condition that results in a person's normal faculties, either of perception, of physical ability, or of judgment being impaired so that he no longer has the capacity to form or entertain a specific intent.

The language used in Instruction 9–B was approved in *Walker v. State,* (1983) Ind., 445 N.E.2d 571. While the defendant did use language culled from one of our opinions, albeit not language used in the *Pettit* instruction, this does not mandate the trial court to accept such instruction. There is no error in refusing a tendered instruction when the subject matter is covered by other instructions. *Lewis v. State,* (1982) Ind., 438 N.E.2d 289. The record shows that the trial court gave Instructions 9–A, set out in Issue I, and 9–B, and thus the jury was adequately informed about the degree of intoxication needed for a defense of voluntary intoxication.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.