**STATE of Indiana,**

v.

**Jeffrey W. SNYDER,**

**No. 02A04–9910–CV–461.**

Court of Appeals of Indiana.

Aug. 9, 2000.

---

Karen M. Freeman–Wilson, Attorney General of Indiana, Barbara Gasper Hines, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Edward E. Beck, John B. Powell, Shambaugh, Kast, Beck & Williams, Fort Wayne, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant State of Indiana appeals the denial of its motion for summary judgment and the subsequent jury verdict in favor of appellee-plaintiff Jeffrey W. Snyder on his claim for damages resulting from the negligent operation of a snowplow by a State employee. Specifically, the State presents the following arguments on appeal: (1) the trial court erred in denying the State's motion for summary judgment on the issue of contributory negligence; (2) the trial court erroneously refused the State's tendered instruction on contributory negligence; (3) the trial court incorrectly allowed lay witnesses to testify to the effect of Snyder's intoxication; and, (4) the trial court improperly refused to allow a police officer to testify as an expert as to alcohol being a contributing cause of the accident.

### FACTS

In the early morning hours of January 27, 1996, Dale Zent was operating a snowplow for the Indiana Department of Transportation to combat the freezing rain. After making two passes down his route, Zent received a call from headquarters at approximately 4:00 a.m. that the intersec-

tion of Lima Road and Coliseum Boulevard was icing up. This intersection is one of the largest in Fort Wayne, with about five lanes of traffic in all four directions. In order to spread salt and sand quickly on the entire intersection, he devised a plan where he would circle the intersection making several big sweeping turns. Specifically, the plan was that he would head eastbound on Coliseum in the far right-hand lane, make a u-turn onto westbound Coliseum, make another u-turn onto eastbound Coliseum after the divider and then repeat this process making a tighter circle until each lane was coated.

Diana Hartman observed Zent heading eastbound as she was stopped on Lima at the traffic light waiting to turn onto westbound Coliseum. Behind the snowplow, she noticed Snyder's pickup truck approaching the intersection from the east with its headlights on and traveling at a normal rate of speed. The light for the traffic traveling on Coliseum was green. She observed that the snowplow was going fairly fast in the right-hand lane and, upon entering the intersection, began to make a "real fast" u-turn, apparently without signaling, at a speed higher than ten miles per hour. Record at 469. Zent's maneuver caused the snowplow to completely block the eastbound lanes, and Snyder's truck "t-boned" with the snowplow in a hard collision. Hartman noted that Snyder had no place to go due to the height of the curbs at the intersection and opined that there is nothing he could have done to have avoided the collision. R. at 470–71.

When the police arrived on the scene, two officers detected a strong odor of alcohol coming from Snyder. His blood alcohol level was later revealed to be .16. Snyder subsequently plead guilty to operating a vehicle with a blood alcohol level of .10 or greater.

Thereafter, Snyder filed an action for damages against Zent and the State on July 23, 1997, alleging that Zent negligently operated the snowplow causing injury to him. On October 15, 1998, the State filed a motion for summary judgment arguing that Snyder's claim was barred by contributory negligence and Zent should be dismissed as a named defendant. Following a hearing on January 8, 1999, the trial court granted the motion to dismiss Zent and denied the motion that Snyder's claim was barred by contributory negligence.

A jury trial commenced on August 31, 1999, and the jury found the State negligent and awarded Snyder $61,456. The trial court entered judgment against the State on September 3, 1999. The State now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Summary Judgment

#### A. Standard of Review

■■■■ When reviewing the denial of a summary judgment motion, we apply the same standard as the trial court. Summary judgment is only appropriate where the designated materials reveal that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We consider the facts in the light most favorable to the non-moving party, resolving any doubt in their favor. *Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1065 (Ind.Ct.App.1995), *trans. denied.* A genuine issue of material fact exists when facts concerning an issue that would dispose of the litigation are in dispute or when the undisputed facts are able to support conflicting inferences on such an issue. *Miles v. Christensen*, 724 N.E.2d 643, 645 (Ind. Ct.App.2000), *trans. denied.* In negligence cases, summary judgment is rarely appropriate. *Id.* Further, the issue of contributory negligence is generally a question of fact for the jury unless the facts are undisputed and only a single inference can be drawn therefrom. *Nesvig v. Town of Porter*, 668 N.E.2d 1276, 1281 (Ind.Ct.App.1996).

## B. The State's Claim

The State first argues that the trial court erred in denying its motion for summary judgment on the issue of Snyder's contributory negligence per se. While the State acknowledges that contributory negligence is generally a question of fact for the jury, it argues that in the instant case, Snyder was contributorily negligent as a matter of law because he violated IND.CODE § 9-30-5-1 by operating a vehicle with at least a .10 blood alcohol content.

We agree with the State's assertion that it has a "vital interest in promoting public safety by clearing the roads of drunk drivers, who are a threat to other motorists, pedestrians, and themselves." Appellant's brief at 8. However, we do not feel that a snowplow is the proper way to implement such a policy. Rather, the established rule in Indiana is that "in order for an intoxicated person to be deemed contributorily negligent, not only must the intoxication lead to negligent conduct, this conduct must also be the proximate cause of the party's injuries." *Nesvig*, 668 N.E.2d at 1281. Further, an unexcused or unjustified violation of a duty dictated by statute is negligence per se only "if the statute is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of type of harm which occurred *as a result of its violation*." *Lever Bros. Co. v. Langdoc*, 655 N.E.2d 577, 580 (Ind.Ct.App.1995) (emphasis added). Thus, causation is always a relevant inquiry in these types of negligence cases. As the evidence designated to the trial court in the instant case, particularly Hartman's affidavit, clearly raised a question of fact as to whether Snyder's intoxication was a contributing factor to the accident, the trial court properly denied the State's motion for summary judgment.[1]

## II. Jury Instructions

The State next argues that the trial court erred in refusing its tendered instruction on contributory negligence. As tendered, this instruction provided as follows:

The question of contributory negligence on the part of the plaintiff is an issue in this case. Any contributory negligence on the part of the Plaintiff, however slight, will bar her (sic.) claim against the Defendant. The Plaintiff's contributory negligence will bar all recovery regardless of any negligence on the Defendant's part.

The Plaintiff's negligence need not be the sole proximate cause of the injury but only a concurring or co-operating proximate cause.

The Defendant has the burden of proving by a preponderance of the evidence that the Plaintiff was negligent.

R. at 168. The State contends that by refusing this instruction the trial court failed to instruct the jury that even the slightest contributory negligence was a complete bar to Snyder recovering damages.

Initially, we note that the well-settled standard by which we review challenges to jury instructions affords great deference to the trial court. *Smock Materials Handling Co., Inc. v. Kerr*, 719 N.E.2d 396, 402 (Ind.Ct.App.1999). The manner of instructing the jury lies within the trial court's sound discretion. Thus, its ruling will not be reversed unless the instructional error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Id.* Additionally, in determining whether the trial court erroneously refused a tendered instruction, we consider (1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support giving the instruction,

---

1. We observe that if the State's argument was taken to its logical conclusion, an intoxicated motorist who was struck from behind by a state vehicle while stopped at a red light would not be able to recover for his injuries.

and (3) whether the substance of the instruction is covered by other instructions. *Id.* Thus, the trial court may refuse a tendered instruction if the instructions actually given at trial cover the substance of the refused instruction. *Nesvig,* 668 N.E.2d at 1286.

Here, the trial court did instruct the jury as follows:

> THE QUESTION OF CONTRIBUTORY NEGLIGENCE BY THE PLAINTIFF IS AN ISSUE IN THIS CASE. *IF THE PLAINTIFF'S NEGLIGENCE PROXIMATELY CONTRIBUTED TO HIS INJURY, THEN THE PLAINTIFF CANNOT RECOVER EVEN THOUGH THE DEFENDANT MAY HAVE BEEN NEGLIGENT.* THE DEFENDANT HAS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF WAS NEGLIGENT AND THAT THE PLAINTIFF'S NEGLIGENCE WAS A PROXIMATE CAUSE OF HIS INJURY.
>
> . . . .

R. at 377 (emphasis added). We find that this instruction sufficiently covered the substance of the State's tendered instruction, as it made clear that any contributory negligence on Snyder's part would be a complete bar to his recovery. Accordingly, we find no error.

### III. *Opinion of Lay Witnesses*

■ The State also appears to argue that the trial court improperly allowed Hartman and Curtis Pliett, another eyewitness, to testify to the effect of Snyder's intoxication on his ability to avoid hitting the snowplow. In cursory fashion, the State asserts that the opinions of these witnesses that even sober, Snyder could not have avoided the accident, were not based on their perception, nor helpful to a clear understanding of their testimony or the determination of a fact in issue.

■ We first observe that the State has waived its objection to Pliett's opinion testimony, as it did not object at trial. *See Cutter v. State,* 725 N.E.2d 401, 406 (Ind. 2000) (noting that failure to object to the admission of evidence at trial normally results in waiver on appeal). However, the State did object to the testimony of Hartman.

■ Ind. Evidence Rule 701 provides:

> If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Opinion testimony by a lay witness is limited to opinions rationally based on some combination of the witness's own personal observation, knowledge and past experience. *Ackles v. Hartford Underwriters Ins. Corp.,* 699 N.E.2d 740, 743 (Ind.Ct. App.1998), *trans. denied.* Further, the trial court is vested with broad discretion in determining whether the opinion testimony satisfies the requirements of Evid. R. 701, and we will not reverse the trial court absent an abuse of discretion. *Id.*

In the instant case, Hartman was an eyewitness to the accident. Her opinion as to whether Snyder could have avoided the accident if he were sober is one that a reasonable person normally could form from viewing such an accident and is helpful to understanding her testimony as to the accident and Snyder's time to react. *See Mariscal v. State,* 687 N.E.2d 378, 380 (Ind.Ct.App.1997), *trans. denied.* Therefore, we cannot find that the trial court abused its discretion in this regard.

### IV. *Expert Testimony*

■ The State's final argument on appeal concerns the trial court's refusal to allow a State Police Trooper from testifying to the effect of Snyder's intoxication on his ability to avoid hitting the snowplow.

Specifically, the State argues that Master Trooper Barman had the technical knowledge to answer questions regarding the effects of alcohol through his twenty years of experience with the State Police, his investigation of 1500 accidents, his training in the effects of alcohol on driver, his certification and experience as a breathalyzer operator, his education and his experience teaching students about the effects of drinking on perception when driving.

The proponent of excluded evidence must make a formal offer of proof at trial or the error is waived and not preserved for appeal. *See Gouge v. Northern Indiana Commuter Transp. Dist.,* 670 N.E.2d 363, 368 (Ind.Ct.App.1996). As the State failed to make an offer of proof when the trial court sustained Snyder's objection to Master Trooper Barman answering the question seeking his opinion, the claimed error is waived on appeal.

### CONCLUSION

In light of our resolution of the above issues, we find that the State was not entitled to summary judgment on the issue of contributory negligence. The trial court further did not commit reversible error in refusing the State's tendered instruction on contributory negligence. Moreover, we conclude that the trial court did not abuse its discretion by allowing lay witnesses to testify to whether Snyder could have avoided the accident had he been sober. Finally, we find that the State failed to preserve the issue regarding the preclusion of Master Trooper Barman's opinion testimony.

Judgment affirmed.

RILEY, J., and KIRSCH, J., concur.