# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Nov 02 2012, 8:41 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| JOSHUA A. BOSTIC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A02-1202-CR-154 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Thomas Milligan, Senior Judge
Cause No. 12D01-1109-FA-144

**November 2, 2012**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Joshua A. Bostic ("Bostic") appeals his convictions for class C felony attempted battery by means of a deadly weapon,[1] class C felony criminal recklessness,[2] class D felony arson,[3] class A misdemeanor criminal mischief,[4] and class B misdemeanor criminal mischief[5] as well as his adjudication of being an habitual offender.[6] He raises only procedural issues relating to: (1) his right to discharge due to the scheduling of his jury trial more than one year after the date he was charged and arrested; and (2) the rules for appointing a special judge to preside over his jury trial.

We affirm and remand.

## ISSUES

1. Whether Bostic waived his argument regarding discharge under Indiana Criminal Rule 4(C).

2. Whether Bostic waived his argument challenging the appointment of a senior judge as special judge during his jury trial.

## FACTS

On February 17, 2010, the State initially charged Bostic, under cause 12D01-1002-FA-28 ("Cause 28"), with class A felony attempted murder. At the time the

---

[1] Ind. Code §§ 35-42-2-1(a)(3); 35-41-5-1.

[2] I.C. § 35-42-2-2.

[3] I.C. § 35-43-1-1(d).

[4] I.C. § 35-43-1-2(a)(1)(A)(i).

[5] I.C. § 35-43-1-2(a)(1).

[6] I.C. § 35-50-2-8.

2

charges were filed, Bostic was incarcerated in the Tippecanoe County Jail for a charge from that county.

On March 5, 2010, the trial court held Bostic's initial hearing. Bostic was transported from the Tippecanoe County Jail to Clinton County for the hearing and then returned to the Tippecanoe County Jail. During the initial hearing, the trial court appointed Scott Stuard as Bostic's pauper counsel and set Bostic's jury trial for June 1, 2010.[7]

On March 15, 2010, the State charged Bostic with the following additional charges: Count 2, class C felony attempted battery by means of a deadly weapon; Count 3, class C felony criminal recklessness; Count 4, class D felony arson; Count 5, class A misdemeanor criminal mischief; and Count 6, class B misdemeanor criminal mischief. The State also filed an information alleging that Bostic was an habitual offender. The trial court ordered Bostic to be transported from the Tippecanoe County Jail for an initial hearing on these additional charges on March 16, 2010, and kept the June 1st trial date setting.

During an April 22, 2010 pretrial conference, the parties informed the trial court that they were negotiating but needed another pretrial conference. The trial court set another pretrial conference for July and reset the jury trial for August 17, 2010.

---

[7] The trial court also advised Bostic of violations of probation filed against him in cause numbers 12D01-9710-CF-127 and 12D01-9711-CF-151 and set a probation hearing for those causes.

On August 13, 2010, the trial noted that Bostic's jury trial needed to be rescheduled to November 16, 2010 due to court "congestion" caused by another case before the court. (App. 7).

Thereafter, Bostic sent a letter to and filed some pro se motions with the trial court.[8] In response to this correspondence, the trial court issued orders, indicating that it would not consider ex parte communications from Bostic who was represented by counsel.

On November 12, 2010, the trial court held a pretrial conference and reset Bostic's trial for January 18, 2011. Again, the trial court rescheduled the trial date due to court "congestion" with another cause before the court. (App. 9, 81).

On January 18, 2011, the trial court again continued Bostic's trial due to "congestion" with another cause before the court. (App. 10, 91). The trial court reset Bostic's trial date for March 7, 2011. Bostic's counsel did not object to the trial date.

On January 31, 2011, the trial court appointed attorney James Knight as Bostic's pauper counsel to replace attorney Scott Stuard.[9] Thereafter, on February 18, 2011, Bostic, via his new counsel, filed a motion for continuance, seeking time to conduct discovery. The continuance specifically noted that Bostic had "no objection to a continuance to the trial in this matter[.]" (App. 106). The trial court granted Bostic's motion for continuance and reset the jury trial for May 16, 2011.

---

[8] In his letter and three of his motions, Bostic referenced Criminal Rule 4(A) and sought to be released from jail on his own recognizance. He also sought to have the attempted murder charge dismissed.

[9] When granting Stuard's motion to withdraw his appearance, the trial court noted that Stuard was "unable to participate" at Bostic's scheduled jury trial "due to an order of the Indiana Supreme Court in Cause 12S00-1006-DI-324." (App. 12, 105).

4

On May 4, 2011, Bostic filed another motion for continuance, again pointing out that Bostic had "no objection to the continuance." (App. 111). The trial court granted Bostic's motion for continuance and reset the jury trial for September 13, 2011.

On June 15, 2011, Bostic filed a motion for reduction of his bond. The trial court held a hearing on the motion on June 22, 2011. The trial court took the matter under advisement and allowed the parties to submit supplemental evidence. The State submitted certified documents from Tippecanoe County, showing that Bostic was arrested in Tippecanoe County for class D felony possession of a controlled substance on February 17, 2010; that he pled guilty to that charge; and that, on July 9, 2010, the trial court imposed a sentence of two (2) years in the Department of Correction with one (1) year and seventy-nine (79) days suspended to probation. Thereafter, the trial court denied Bostic's motion for bond reduction.

On August 24, 2011, Bostic filed a motion to exclude testimony of one of the State's witnesses due to the witness's failure to appear for a deposition. On August 31, 2011, the trial court granted Bostic's motion to exclude. That same day, the State moved to dismiss the charges against Bostic due to the unavailability of and lack of cooperation from that same State's witness. The trial court granted the State's motion that same day.

Two weeks later, on September 15, 2011, the State refiled, under cause 12D01-1109-FA-144 ("Cause 144"), the same six charges and the habitual offender allegation against Bostic. On September 16, 2011, the trial court held an initial hearing, appointed Patrick Manahan as pauper counsel for Bostic, and scheduled a jury trial for January 3, 2012. Bostic did not object to the trial date.

5

On October 14, 2011, Bostic filed a motion to reduce his bond, and the trial court held a hearing on October 28, 2011.[10] The trial court took the motion under advisement and instructed the parties to submit memoranda on the applicability of Criminal Rule 4(A) to the bond issue.[11] Thereafter, the trial court entered an order denying Bostic's motion and concluding that Bostic had been detained in jail for less than the six months allowed under Criminal Rule 4(A).[12]

On October 28, 2011, Bostic filed a motion for early trial under Criminal Rule 4(B), which provides, in part, that a defendant "shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion . . . ." Thus, the State had until January 6, 2012, to bring Bostic to trial. The trial date remained set for January 3, 2012.

On January 3, 2012, through January 6, 2012, the trial court held a jury trial. Senior Judge Thomas Milligan presided over the trial as special judge.[13] Bostic did not

---

[10] The transcript from the October 28, 2011 hearing has not been transmitted to this Court as part of this appeal. Indeed, this hearing occurred in Cause 28, and Bostic's appellate counsel did not request transcription of hearings from Cause 28 when he filed Bostic's notice of appeal from Cause 144. Curiously, however, Bostic's counsel quotes to statements made by the trial court and by Bostic's trial counsel during the October 28, 2011 hearing.

[11] Criminal Rule 4(A) provides, in part, that "[n]o defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) . . . ."

[12] Specifically, the trial court determined that the following time was attributable to Bostic: February 17, 2010 (date of arrest) to July 11, 2010 because Bostic was incarcerated in Tippecanoe County on a possession of controlled substance charge; July 11, 2010 to April 11, 2011 because Bostic was incarcerated on a sentence for violation of probation in cause 12D01-9711-CF-151; and April 11, 2011 to August 30, 2011 (date of dismissal of original charges) because he had requested two continuances of the trial date.

[13] Senior Judge Milligan also presided over a pretrial conference held on December 13, 2011.

6

object to Senior Judge Milligan serving as judge. The jury found Bostic not guilty of Count 1 but guilty of Counts 2 through 6. Thereafter, Bostic admitted to being an habitual offender.

On February 2, 2012, Senior Judge Milligan presided over Bostic's sentencing hearing. Bostic did not object to Judge Milligan serving as judge at the sentencing hearing. The trial court imposed an aggregate twenty (20) year sentence, ordering Bostic to serve sixteen (16) years executed at the Department of Correction followed by two (2) years suspended to community corrections and two (2) years suspended to probation.[14]

DECISION

## 1. Criminal Rule 4(C)

Bostic first argues that he was entitled to discharge under Criminal Rule 4(C) because his trial date occurred more than one year after he was charged and arrested.

A defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution. *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012), *trans. denied*. Criminal Rule 4(C) sets forth the time limits for which a defendant must be brought to trial and provides:

---

[14] At the sentencing hearing, the trial court ordered that Bostic's sentence on Count 3, class C felony criminal recklessness was to be enhanced by twelve (12) years for his habitual offender determination. However, the sentencing order, abstract of judgment, and chronological case summary indicate that the trial court imposed a separate twelve (12) year sentence for Bostic's habitual offender finding and ordered that it be served consecutively to Bostic's sentence on Count 3, class C felony criminal recklessness. It is well settled that an "habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony." *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001) (citing *Greer v. State*, 680 N.E.2d 526, 527 (Ind. 1997); *Pinkston v. State*, 436 N.E.2d 306, 307-08 (Ind. 1982)). Therefore, we remand to the trial court with instructions to correct the sentencing order, abstract of judgment, and chronological case summary to reflect that the twelve (12) year habitual offender enhancement serves as an enhancement of Bostic's sentence for class C felony criminal recklessness.

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

Our Indiana Supreme Court has explained that "when a trial court, acting within the one-year time limit of Criminal Rule 4(C), schedules trial to begin beyond the one-year limit, the defendant must make a timely objection to the trial date or waive his right to a speedy trial under that rule." *State ex rel. Bramley v. Tipton Circuit Court*, 835 N.E.2d 479, 481 (Ind. 2005) (citing *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999), *reh'g denied*). *See also Todisco*, 965 N.E.2d at 755 ("a defendant waives his right to a speedy trial if he is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and he does not object to the trial date").

As our Indiana Supreme Court has explained:

The purpose of [Criminal Rule 4] is to assure early trials and not to discharge defendants. . . . [W]hen a ruling is made that is incorrect, and the offended party is aware of it, or reasonably should be presumed to be aware of it, it is his obligation to call it to the court's attention in time to permit a correction. If he fails to do so, he should not be heard to complain. The courts are under legal and moral mandate to protect the constitutional rights of accused persons, but this should not entirely relieve them from acting reasonably in their own behalf. We will vigorously enforce the right to a speedy trial, but we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection.

8

*Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000) (quoting *Utterback v. State*, 261 Ind. 685, 687-88, 310 N.E.2d 552, 553-54 (1974)).

Here, the State initially charged Bostic on February 17, 2010. After various delays—including rescheduling by the trial court for court congestion, continuances by Bostic, and refiling of the charges—the trial court ultimately scheduled Bostic's jury trial for January 3, 2012. We need not calculate the number of days chargeable to each party, because here, at no point during his proceedings, did Bostic file a motion for discharge under Criminal Rule 4(C) or object to the trial court's setting of any of his trial dates. Accordingly, he has waived his claim that Criminal Rule 4(C) was violated. *See, e.g.*, *Brown*, 725 N.E.2d at 825 (holding that defendant waived his Criminal Rule 4(C) claim by neither objecting to the setting of the trial date nor moving the trial court for discharge); *Heinzman v. State*, 970 N.E.2d 214, 219-20 (Ind. Ct. App. 2012) (holding that a defendant, who was tried approximately five years after he was initially charged, waived his Criminal Rule 4(C) claim by failing to object when the trial court reset the trial date for a date beyond the one-year limit), *reh'g denied*.

> Our Supreme Court has held that the waiver rules for Criminal Rule 4 do not
>
> impermissibly shift the burden of enforcement to the defendant or are 'uncalled-for burdens' on the defendant's right to a speedy trial. To the contrary, the requirement that a defendant object to a trial date set after a Criminal Rule 4 deadline and move for discharge facilitates compliance by trial courts with the speedy trial requirement. The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. Accordingly, if the time period provided by the rule has not expired and a trial date is set for a date beyond that period, a timely objection *must* be made. The issue may not be raised for

9

the first time on appeal when it is too late to do anything but discharge the defendant.

*Brown*, 725 N.E.2d at 825 (emphasis added). Since Bostic did not object or file a motion for discharge, his Criminal Rule 4(C) claim is waived.

2. Special Judge

Finally, Bostic argues that his judgment of conviction is void because the procedures for appointing Senior Judge Milligan as the special judge over his trial and sentencing were not followed.

We need not address the propriety of the appointment of Senior Judge Milligan because Bostic has waived the issue. It is well established that "where a defendant does not object to an irregularity in the appointment of a special judge, he accepts the appointment, submits to the jurisdiction, and waives the irregularity." *Catt v. State*, 749 N.E.2d 633, 644 (Ind. Ct. App. 2001) (citing *Bivins v. State*, 485 N.E.2d 89, 92 (Ind. 1985)), *reh'g denied*, *trans. denied*. *See also Floyd v. State*, 650 N.E.2d 28, 32 (Ind. 1994) ("[T]he failure of a party to object at trial to the authority of a court officer to enter a final appealable order waives the issue for appeal."). To be sure, "a party may not submit matters to and await rulings by a special judge before objecting to the special judge's presence in the action." *Thomas v. State*, 656 N.E.2d 819, 821 (Ind. Ct. App. 1995), *reh'g denied*.

Here, Bostic did not object—either at the jury trial or the sentencing hearing—to Senior Judge Milligan presiding as special judge in his cause. Accordingly, Bostic has waived review of any challenge to the appointment of Senior Judge Milligan as special

10

judge. *See, e.g.*, *Floyd*, 650 N.E.2d at 32; *Bivins*, 485 N.E.2d at 92; *Henderson v. State*, 647 N.E.2d 7, 10 (Ind. Ct. App. 1995) ("When no objection has been timely raised in the proceeding, any objection to the special judge's authority is deemed waived."), *reh'g denied*, *trans. denied*.[15]

Affirmed and Remanded.

FRIEDLANDER J., and BROWN, J., concur.

---

[15] Indeed, Bostic admits that he did not object to Senior Judge Milligan sitting as special judge and acknowledges that, pursuant to the Indiana Supreme Court's opinion in *Floyd*, he has waived review of this claim. Nevertheless, Bostic invites this Court to "reconsider" the precedent set forth by the Indiana Supreme Court in *Floyd*. Bostic's Br. at 25. We, however, decline Bostic's invitation. *See Meeks v. State*, 759 N.E.2d 1126, 1128 (Ind. Ct. App. 2001) (explaining that the Indiana Court of Appeals is bound by decisions of the Indiana Supreme Court and is without authority to overrule Indiana Supreme Court decisions), *trans. denied*.